UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| PETER COYLE,                             ) |                              |
|     Plaintiff        ) |                              |
|                                          ) |                              |
| v.                                       ) | CIVIL ACTION                 |
|                                          ) | NO. 4:12-CV-40014-TSH        |
|                                          ) |                              |
| KITTREDGE INSURANCE AGENCY,              ) |                              |
| INC., FRANCIS KITTREDGE, and             ) |                              |
| EASTERN INSURANCE GROUP, LLC             ) |                              |
|     Defendants       ) |                              |

**MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' KITTREDGE
INSURANCE AGENCY, INC.. FRANCIS KITTREDGE, and EASTERN INSURANCE
GROUP LLC MOTION FOR SUMMARY JUDGMENT (Docket No. 63)**
**March 28, 2014**

**HILLMAN, D.J.**

### Introduction

Plaintiff Peter Coyle filed a complaint against Francis Kittredge ("Kittredge"), Kittredge Insurance Agency ("KIA"), and Eastern Insurance Agency ("Eastern") (collectively "Defendants") seeking monetary damages for conversion (Count I), fraud and fraudulent conveyance (Count II), unfair business practices in violation of M.G.L. sec. 93A (Count III), breach of contract (Count IV), breach of fiduciary duty (Count V), unjust enrichment (Count VI), accounting and distribution (Count VII), slander and defamation (Count VIII), bailment (Count IX), quantum meruit and violation of Massachusetts Wage Law (Count X), tortuous and malicious interference with contractual and business relationships (Counts XI and XII), misappropriation of trade secrets (Count XIII), and fraudulent inducement of employment

(Count XIV). Defendants have moved for summary judgment on all counts of Plaintiff's Complaint. For the reasons set forth below, I grant the motion in part and deny it in part.

## Facts

Plaintiff Peter Coyle was an insurance salesman employed at Knight-Dik Insurance Agency (Knight-Dik). Upon leaving his employment with Knight-Dik, Plaintiff brought his Knight-Dik "book of business" with him to his new employer, KIA. Plaintiff signed an employment contract with KIA which included a three-year non-solicitation clause. He was employed by KIA from September 1996 to September 2001, when he left to work for Saint Peter Marion High School.

After leaving KIA, Plaintiff entered into an oral agreement with Kittredge. The agreement called for Plaintiff to receive commission on new business that he directed to KIA while he was working at Saint Peter Marion, and, in return for not soliciting from his Knight-Dik book of business during his non-solicitation period, KIA would pay him 1.5 to 2.5 times the value of his book upon the selling of KIA. After the non-solicitation period expired, Plaintiff and Defendant Kittredge entered into a subsequent oral agreement where Plaintiff would be paid commissions on new and renewal business for KIA, and would receive a quarterly payment not to solicit his previous accounts.

On August 1, 2008, KIA sold Kittredge Insurance Agency to Eastern Insurance Agency. Plaintiff never received a lump sum as a result of this sale. In the sale documents, KIA disclosed to Eastern the arrangement between KIA and Plaintiff. The document stated that the arrangement was at will for both parties, and Eastern chose to terminate the oral agreement with Plaintiff.

Any additional facts necessary to the Court's decision will be included in the relevant discussion.

## **Standard of Review**

Summary judgment is appropriate where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1st Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "'A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case." *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 152 (1st Cir. 2009) (quoting *Calero-Cerezo v. U.S. Dep't. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)).

When considering a motion for summary judgment, the Court construes the record in the light most favorable to the nonmoving party and makes all reasonable inferences in favor thereof. *Sensing,* 575 F.3d at 153. The moving party bears the burden of demonstrating the absence of a genuine issue of material fact within the record. *Id.,* at 152. "'Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial.'" *Id.* (citation to quoted case omitted). "'[T]he nonmoving party "may not rest upon mere allegations or denials of the [movant's] pleading, but must set forth specific facts showing that there is a genuine issue of material fact as to each issue upon which [s/he] would bear the ultimate burden of proof at trial." *Id.* (citation to quoted case omitted). The nonmoving party cannot rely on "conclusory allegations" or "improbable inferences." *Id.* (citation to quoted case omitted). "'The test is whether, as to each essential element, there is "sufficient evidence favoring the

nonmoving party for a jury to return a verdict for that party.""" *Id.* (citation to quoted case omitted).

## Discussion

*Breach of Contract (Count III) (against Kittredge, KIA)*

1. **Statute of Frauds**

Defendants Kittredge and KIA contend that the breach of contract claim is barred by the statute of frauds. Plaintiff argues that because KIA could have been sold within a year, the statute of frauds does not apply. He alleges that he entered into an oral agreement with Kittredge in August of 2001, and that this agreement was modified in 2004. In the 2001 oral agreement, he claims that Kittredge and KIA offered to defer commission payments on Plaintiff's Knight-Dik book of business in return for a lump sum payment upon the sale of KIA. Defendants contend that this agreement could not have been performed within a year because the non-solicitation agreement prevented Plaintiff from soliciting his previous book of business for a period of three years. This argument, however, does not address whether or not KIA could have been sold within a year of Plaintiff's resignation, and therefore whether or not the contract could have been fully performed within a year.

Under Massachusetts' law, an agreement not to be performed within a year must be in writing. M.G.L.A. 259, sec. 1. Massachusetts' courts have interpreted this language to mean that a contract must be in writing *only if the terms of the contract make it clear that the contract cannot* be performed within a year. *Doherty v. Doherty Insurance Agency*, 878 F.2d. 546, 551-52 (1st Cir. 1989). This statute does not apply to contracts that might extend beyond a year, but can still be fully performed within a year. *Id.* "For an oral contract to come within the Statute of Frauds—and be voided by it—the parties must either expressly stipulate, or it must appear to

have been understood by them, that the contract was not to be performed within a year." *In re Furst*, 914 F. Supp. 734, 738 (D. Mass. 1996). In this case, it is not possible that the contract could have been performed within a year. Further, this contract for employment was an at-will contract. Employment contracts that can be discharged within a year do not fall within the statute of frauds. *See Meng v. Trustees of Boston University*, 44 Mass.App.Ct. 650, 652, 693 N.E.2d 183, 185-86 (Mass. App. Ct. 1998).

This Court must now look to the employment contract to determine if there has been a breach of the oral contract of Defendant to pay Plaintiff a lump sum upon the sale of Kittredge Insurance Agency.

2. **Contract Interpretation**

Contract interpretation questions, under Massachusetts' law, are generally a question of law. *Nadherny v. Roseland Property Co.*, 390 F.3d. 44, 48 (1st Cir. 2004). If a contract is ambiguous the definition of the terms can present a question of fact for the jury. *Id*. Whether or not a contract is ambiguous, however, is a question of law for the court. *Id*. A term is considered ambiguous "if it is susceptible to more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one." *Id*. If one side presents an interpretation of the contract that no reasonable jury could accept as true, then the court must, as a matter of law, find against that party. *Id*.

A contract's terms should be construed together to find a coherent whole. *See Gomez v. Rivera Rodriguez,* 344 F.3d 103, 121 (1st Cir.2003). Therefore, a court may look to the rest of the contract to determine the meaning of the term in dispute. *See Nat'l Tax Inst., Inc. v. Topnotch at Stowe Resort and Spa,* 388 F.3d 15, 18 (1st Cir.2004). Even when extrinsic evidence is considered, a judge may conclude that the evidence is "so one-sided that no reasonable person

5

could decide the contrary." *Boston Five Cents Sav. Bank v. Sec'y of Dept. of Hous. and Urban Dev.,* 768 F.2d 5, 8 (1st Cir.1985). The usual rule, however, is that the jury should construe the contract "so long as the proper interpretation is fairly debatable." *Nadherny v. Roseland Property Co.*, 390 F.3d. 44, 48 (1st Cir. 2004).

The Defendants argue that because the contract clearly states, "[a]ll accounts as defined are the sole and exclusive property of "Employer," the Knight-Dik book of business belonged to the Defendant. The Plaintiff argues that the employment contract did not include the Knight-Dik book of business because the contract applied only to new contracts formed during the Plaintiff's course of employment with KIA.

Plaintiff's interpretation is not supported by the record, or the language in the contract. The contract states, "[a]ll insurance business, ***including new accounts/policies and renewals***, whether property, casualty, life or another line produced by "Employee" during his employment with "Employer" shall be written through the "Employer." (emphasis added).[1] Further, the contract contains an integration clause which states, "[t]his Agreement and the Addendum listed herein represent the sole and entire agreement between the parties and supersede any and all other agreements, written or oral, between them." Reading the employment contract as a whole, the language indicates that the accounts that Plaintiff brought with him from Knight-Dik Insurance Agency belonged to Defendant once Plaintiff started his employment at KIA. The record also indicates that Plaintiff, at the time he entered into the employment contract with KIA, believed he no longer had an ownership interest in the Knight-Dik book of business because he "transferred" his book to KIA. Plaintiff paid $55,000 to Knight-Dik for the opportunity to

---

[1] The phrase "including new accounts/policies and renewals," suggests that the contract anticipates that there are old accounts/policies and renewals upon entering into the employment contract. This language indicates that employees may bring accounts and policies with them, which would also be included in the contract, along with new policies and renewals that a new employee will cultivate upon entering into employment with the employer.

transfer his book to KIA. This payment was made out of the commission earned on the book of business at KIA.[2]

Plaintiff alleges that he would only receive the lump sum payment upon the sale of KIA if the business were to be sold after 2003, because otherwise he was bound by the non-solicitation clause in his contract. Plaintiff contends that he believed that after the non-solicitation clause expired, he and Defendant would "sit down and discuss what the correct dollar amount would be." It is unclear if this conversation ever took place.

Plaintiff stated in an email to Defendant dated March 18, 2007, "I have been getting new and renewal business since 10/2004. **My new business book started fresh on 10/2004.** Any new business from that date on is supposed to be treated as agreed at 30% commission. (emphasis added)." Plaintiff did not receive commission payments during the non-solicitation period, but did receive payments after the non-solicitation period had expired.

In light of the language in the employment contract and the extrinsic evidence, it is clear Plaintiff's accounts belonged to KIA, and no reasonable jury could accept as true Plaintiff's assertion that his Knight-Dik book of business remained his property during and after his term of employment with KIA.

### 3. Lack of Consideration

In order for there to be a valid contract, there must be consideration. *See Neuhoff v. Marvin Lumber & Cedar Co.*, 370 F.3d. 197, 201 (1st Cir. 2004). Consideration must consist of either a benefit to the promisor or a detriment to the promisee. *Id.* "Benefit ... must mean the receiving as the exchange for [a] promise of some performance or forbearance which the promisor was not previously entitled to receive." *Graphic Arts Finishers, Inc. v. Boston Redev. Authy.,* 357 Mass. 40, 43, 255 N.E.2d. 793, 795 (1970).

---

[2] The Plaintiff used this language in his Amended Complaint.

Because Plaintiff did not have an ownership interest in his book of business, there is no valid consideration for Defendant to have agreed to pay Plaintiff a lump sum in return for Plaintiff's agreement not to solicit his Knight-Dik book of business for the three years following Plaintiff's resignation from KIA. Even viewing the evidence in the light most favorable to Plaintiff,[3] Plaintiff has not demonstrated that there was proper consideration for the contract. Therefore, summary judgment in favor of all Defendants is **granted** on Count IV.

*Conversion (Count I) (Against Kittredge, KIA, & Eastern)*

In order to state a claim for conversion, Plaintiff must show that Defendant intentionally or wrongfully exercised acts of ownership, control or dominion over personal property in which he had no right of possession at the time. *Kelly v. LaForce,* 288 F.3d 1, 11-12 (1st Cir.2002)(citing *Third Nat'l Bank v. Continental Ins. Co.*, 388 Mass. 240, 446 N.E.2d. 380, 383 (Mass. 1983); Restatement (Second) of Torts sec. 222A (1965)). An action for conversion "cannot be maintained without proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself or to deprive the rightful owner of it, or destroyed the property." *Id*. at 12.

In this case, Defendants have shown that they were the lawful owners of Plaintiff's book of business, as evidenced by the contract, which states, "all accounts as defined are the sole and exclusive property of 'employer.'" Plaintiff contends that because he brought his Knight-Dik book of business with him to KIA, he should be able to retain possession of at least those accounts. The record, however, does not support this position.

The employment contract entered into by Plaintiff is very clear that those Knight-Dik accounts belonged to KIA. Plaintiff was prohibited from soliciting Kittredge's accounts for three

---

[3] Even asserting that Defendant offered to pay the Plaintiff a lump sum upon the sale of KIA, there is still no consideration in exchange for this promise because the Plaintiff did not have an ownership interest in, or a legal right to solicit the contracts of, his "Knight-Dik book of business."

8

years after the termination of his employment, and was not paid commission on those accounts. Rather, Plaintiff was only paid commission on the new accounts that he brought into KIA. This non-payment on the old accounts is consistent with Kittredge's claims that the former Knight-Dik book of business belonged to KIA.

Because the book of business belonged to KIA, Defendants had a right of possession in the property, and therefore summary judgment in favor of all Defendants is ***granted*** on Count I.

*Fraud Claims (Counts II & XIV) (Against Kittredge, KIA, & Eastern)*

1. **Statute of Limitations**

MGLA 260 sec. 2A requires that tort actions for fraud be commenced within three years after the cause of action accrues. Both Plaintiff and Defendant agree that this dispute arises out of the oral contract from sometime prior to 2004, so the question remains whether or not Defendant promised to pay Plaintiff a lump sum upon the sale of KIA. KIA was sold on August 1, 2008 and Plaintiff filed suit on August 11, 2011.

Defendant asserts that the statute of limitations began to run upon the sale of the business, on August 1, 2008. Plaintiff asserts the statute of limitations started when Plaintiff was alerted to the sale on August 11, 2008 – which is precisely three years before he filed his suit in Connecticut. Plaintiff is arguing under the discovery rule that the statute of limitations is tolled until Plaintiff knew or should have known of the injury. *See Abdallah v. Bain Capital*, 880 F.Supp.2d. 190, 195-96 (D. Mass. 2012). Under the discovery rule, a cause of action accrues when a person 1) knows or has sufficient notice that s/he was harmed; and 2) knows or has sufficient notice of the cause of the harm. *See McGuinness v. Cotter,* 412 Mass. 617, 627, 591 N.E.2d. 659, 665 (1992). Plaintiff need not know the full extent of the injury before the statute begins to run. *Bowen v. Eli Lilly & Co.,* 408 Mass. 204, 207, 557 N.E.2d. 739, 741 (1990). "The

9

important point is that the statute of limitations starts to run when an event or events have occurred that were reasonably likely to put Plaintiff on notice that someone may have caused her injury." *Id.* Once on notice, " 'the potential litigant has the duty to discover from the legal, scientific, and medical communities' " whether that person has a claim. *Id.* at 742 (quoting *Fidler,* 714 F.2d at 199).

Plaintiff claims that he did not learn of the sale of KIA until August 11, 2008, when the sale was published in the newspaper. It unreasonable to suggest that Plaintiff should have learned of the sale prior to its posting in the newspaper, and Defendant does not suggest that Plaintiff knew or should have known of the sale on August 1, 2008, for other reasons therefore Counts II and XIV are not barred by the statute of limitations.

### 2. Fraud/Fraudulent Conveyance

Plaintiff has made claims for fraud/fraudulent conveyance, and fraudulent inducement of employment (Counts II & XIV). Fraudulent conveyance is an action that requires allegations of an attempt to hide assets to avoid a debt, for example in bankruptcy or in litigation. *See Richman v. Leiser*, 18 Mass. App. Ct. 308, 312, 465 N.E.2d. 796, 798 (1984) (stating, "[a] conveyance is not established as a fraudulent conveyance upon showing of a fraudulent intention alone; there must also be a resulting diminution in the assets of the debtor available to creditors."); *Jorden v. Ball*, 357 Mass. 468, 470, 258 N.E.2d. 736, 737 (1970) (stating, "[t]o benefit from the rights [the statute] creates, a person must qualify as a 'creditor,' defined in the act as 'a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.'"). In this case, there are no facts on the record that show that Defendants hid the book of business for the purpose of defrauding Plaintiff out of the money for a future cause of action. Therefore, summary judgment in favor of all Defendants is ***granted*** on Count II.

### 3. Fraudulent Inducement of Employment

Fraudulent inducement of employment is not a recognized action in Massachusetts, however, in their briefs, both parties addressed these claims under the requirements for "fraudulent misrepresentation." This Court, therefore, will assess the fraudulent inducement of employment claim under the law of fraudulent misrepresentation.

In order to recover under a fraudulent misrepresentation action, Plaintiff must show that the defendant 1) made a false representation of a material fact with knowledge of its falsity 2) that defendant made this statement for the purpose of inducing the plaintiff into an employment relationship, and 3) that plaintiff relied upon the representation as true and then acted upon it; 4) causing him damage. *See Sargent v. Tenaska, Inc.*, 914 F.Supp. 722, 730 (D. Mass. 1996); *Adams v. Hyannis*, 838 F.Supp. 676, 694 (D. Mass. 1993).

The facts, viewed in the light most favorable to the non-moving party, suggest that Kittredge allegedly entered into an oral contract with Plaintiff. This alleged oral contract provided that upon the sale of KIA, Plaintiff was to receive a lump sum payment. As a result of these negotiations, Plaintiff resigned from his employment with KIA. Plaintiff had expressed concern about leaving KIA, stating, "I cannot leave my 160K book behind without a solid reasonable make sense alternative." Plaintiff has alleged that, to him, the "make sense alternative" was to receive a lump sum payment upon the sale of KIA. Questions of fact remain as to whether Defendant made this promise and, therefore, summary judgment in favor of Defendants Kittredge and KIA is ***denied*** as to Count XIV.

*Unfair Business Practice under 93A (Count III) (Against Kittredge, KIA, & Eastern)*

Massachusetts General Law Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws

11

Ann. ch. 93A, § 2 (West). Under Chapter 93A, a practice is considered unfair or deceptive if "it is within the penumbra of some common-law, statutory, or other established concept of unfairness," or if it is "immoral, unethical, oppressive, or unscrupulous." *PMP Associates v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). The alleged conduct must rise to "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d. 1510, 1513 (1st Cir. 1989) (quoting *Levings v. Forbes & Wallace, Inc.* 8 Mass. App. Ct. 498, 396 N.E. 2d. 149, 153 (1979)). A simple breach of contract claim is not enough to rise to the level of "rascality" necessary to bring a Chapter 93A claim. *Trent Partners & Assoc. v. Digital Equipment Corp.*, 120 F.Supp.2d. 84, 106 (D. Mass. 1999). It is a question of law whether a claim is within the bounds of 93A, but it is a question of fact whether a particular set of facts is unscrupulous or unethical within the bounds of 93A. *Id*.

Here, Plaintiff has established a question of fact of whether or not Defendant engaged in fraudulent misrepresentation. Fraudulent misrepresentation is a common law claim that requires unethical or unfair conduct on the part of Defendant. Plaintiff also states that Defendant failed to disclose the entire nature of the oral agreement between Plaintiff and Kittredge/KIA during his negotiations with Eastern. Because there are sufficient questions the Chapter 93A count is reserved for the finder of fact. Summary judgment for Defendants Kittredge and KIA as to Count III is ***denied***.

Plaintiff has not pled or demonstrated that Defendant Eastern engaged in unfair business practices, nor is the fraudulent inducement of employment claim brought against Defendant Eastern. Therefore, summary judgment for Defendant Eastern as to Count III is ***granted***.

*Breach of Fiduciary Duty (Count V) (against Kittredge)*

A fiduciary relationship between two parties exists when one person "reposes faith, confidence, and trust in another's judgment and advice." *Doe v. Harbor Schools*, 446 Mass. 245, 252, 843 N.E.2d. 1058, 1064 (2006). A fiduciary duty requires that the fiduciary act in good faith for the benefit of the other party in matters within the scope of the relationship. *Id.* "Typically, fiduciary obligations inhere where one party has a voice in the management of the affairs of another, where two entities are engaged in a joint venture where they share profits and risks, or where the entities jointly own or control assets." *KBQ, Inc. v. E.I. du Pont de Nemours & Co.,* 6 F. Supp. 2d 94, 100 (D. Mass. 1998).

"The question of whether, in a particular factual setting, a fiduciary relationship exists is a question of fact." *Indus. Gen. Corp. v. Sequoia Pac. Sys. Corp.,* 44 F.3d 40, 44 (1st Cir. 1995). Generally, a fiduciary relationship exists between two people "when one of them is under a duty to act or give advice for the benefit of another upon matters within the scope of the relation." *Fleet Nat. Bank v. H & D Entm't, Inc.,* 926 F. Supp. 226, 242 (D. Mass. 1996) *aff'd sub nom. Fleet Nat. Bank v. H&D Entm't, Inc.,* 96 F.3d 532 (1st Cir. 1996) quoting Restatement (Second) Torts § 874, comment a (1979). A plaintiff on his own cannot transform a business relationship into a fiduciary relationship simply by reposing trust and confidence in the defendant, rather the defendant must also be aware of the plaintiff's trust and confidence in him. *Broomfield v. Kosow*, 349 Mass. 749, 755, 212 N.E.2d. 556, 560 (1965).

Here, Plaintiff has not established that a fiduciary relationship between himself and Defendant Kittredge existed. Plaintiff did refer to Defendant Kittredge as "Coach," but he clearly entered into negotiations with Defendant and worked in tandem with Defendant for over seven years. Plaintiff states that Defendant "coached" him to leave KIA to pursue employment

13

with Saint Peter Marion High School, but this behavior does not rise to the level of a fiduciary relationship between the two parties.

Plaintiff does not address the issue of the fiduciary relationship in his Brief in Opposition to the Motion for Summary Judgment, but simply reiterates his statement from the complaint that "Defendant Kittredge owed Plaintiff a fiduciary duty by nature of their business agreements and working relationship," and claiming that Defendant failed in acting as the "Custodian of Plaintiff's accounts." Plaintiff asserts that Defendant owed Plaintiff a duty to maintain the accounts for Plaintiff. As addressed above, the book of business belonged to Defendant, and therefore Defendant did not owe Plaintiff a duty to act in the best financial and business interests of Plaintiff in regards to the "book of business". Accordingly, summary judgment is ***granted*** in favor of Defendant Kittredge on Count V.

*Unjust Enrichment (Count VI) (Against Kittredge, KIA, & Eastern)*

Under Massachusetts law, a claim for unjust enrichment is only available when the defendant was enriched, to the plaintiff's detriment, and there is no adequate legal remedy. *Ruggers, Inc. v. U.S. Rugby Football Union, Ltd.,* 843 F. Supp. 2d 139, 148 (D. Mass. 2012). A court may impose a constructive trust when one party was unjustly enriched, at the expense of another, by obtaining legal title to property either through fraud or in violation of a fiduciary relationship. *Mass Cash Register, Inc. v. Comtrex Systems Corp.*, 901 F.Supp. 404, 423 (D. Mass. 1995). Plaintiff did not address this count in his Opposition. He contends that Defendants were unjustly enriched when Defendant KIA sold Plaintiff's "book of business" to Defendant Eastern. Since Plaintiff did not have an ownership interest in his book of business, he did not have a right to receive a lump sum under his unjust enrichment theory. The book of business was not obtained through fraud or through breach of a fiduciary relationship. Furthermore, all of

14

the facts indicate that Plaintiff was compensated for the work he performed for Defendant. He received quarterly sums after the three-year non-solicitation period had expired, he received commission payments for his referrals after his resignation, and he was compensated for his time while working at Kittredge Insurance Agency. Therefore, summary judgment is ***granted*** in favor of all Defendants on Count VI.

*Accounting and Distribution (Count VII) (Against Kitredge, KIA, & Eastern)*

Accounting and distribution, while not a specific cause of action, is generally instituted in a relationship between a corporation and its shareholders. *See* 14 Mass. Prac., Summary of Basic Law, sec. 6.75 (4th Ed.)(2013). In this case, Plaintiff has not alleged a shareholder relationship with any of Defendants. Furthermore, there is no evidence in the record to support an accounting and distribution claim, and Plaintiff did not address the issue in his brief or at oral argument, therefore summary judgment in favor of all Defendants is ***granted*** on Count VII.

*Slander/Defamation (Count VIII) (Against Kittredge, KIA, & Eastern)*

Plaintiff does not contest the dismissal of Count VIII. Summary judgment is ***granted*** in favor of all Defendants on Count VIII.

*Bailment (Count IX) (Against Kittredge, KIA, & Eastern)*

The law of bailment requires a contract, either express or implied, between the parties. *Nash v. Lang*, 268 Mass. 407, 414, 167 N.E. 762, 765 (1929). "A bailment is established by 'delivery of personality for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be.'" *King v. Trustees of Boston Univ.*, 420 Mass. 52, 59, 647 N.E.2d. 1196, 1201 (1995).

Since Plaintiff did not have a property interest in the Knight-Dik book of business, Defendant was under no obligation to return the book of business to Plaintiff. Plaintiff failed to address this count in his opposition. Therefore, summary judgment is ***granted*** in favor of all Defendants on Count IX.

*Quantum Meruit – Violation of Massachusetts Wage Law (Count X) (Against Kittredge & KIA)*

   1. **Quantum Meruit (Count X) (Against Kittredge & KIA)**

Plaintiff supports his quantum meruit claim under an unjust enrichment theory. As explained above, Plaintiff cannot support a claim for unjust enrichment. Accordingly, summary judgment is ***granted*** as to Count X.

   2. **Violation of Massachusetts Wage Law (Count X) (Against Kittredge & KIA)**

Plaintiff claims that he is owed his deferred commissions from his book of business from his non-solicitation period. He alleges this should have been paid within fourteen days of the sale of Kittredge Insurance Agency. Under M.G.L.A. 149 sec. 150, an employee may bring a claim under a violation of section 148, after filing a complaint with the attorney general. Mass. Gen. Laws Ann. ch. 149, § 148 (West)(2009). Plaintiff contends (under M.G.L.A. sec. 149) that he was entitled to a commission. However, Plaintiff was not entitled to a commission on his Knight-Dik book of business because the book of business belonged to Defendant KIA. Further, the record indicates that Plaintiff was compensated for his time at KIA. Therefore summary judgment is ***granted*** in favor of all Defendants on Count X.

*Tortious and Malicious Interference with Business Relationships (Counts XII) (Against Kittredge, KIA & Eastern)*

The substantive elements of tortious interference with contractual relationships and tortious interference with advantageous business relationships are substantially similar, *Cavicchi*

*v. Koski*, 67 Mass.App.Ct. 654, 657, 855 N.E.2d. 1137, 1141 (Mass. App. 2006). In order to bring a claim alleging tortious interference with a business relationship, Plaintiff must show: 1) an advantageous business relationship with a third party; 2) the defendant was aware of the relationship; 3) the defendant interfered with the relationship through improper means; and 4) the plaintiff's loss of advantage resulted from the defendant's conduct. *Fafard Real Estate & Dev. Corp. v. Metro-Boston Broad., Inc.,* 345 F. Supp. 2d 147, 154 (D. Mass. 2004) (citing *Kurker v. Hill,* 44 Mass.App.Ct. 184, 191, 689 N.E.2d 833 (1998)).

Plaintiff had a prospective business relationship with Eastern when Kittredge sold KIA to Eastern. Eastern was informed by Kittredge that the business relationship between Plaintiff and Kittredge was an at-will relationship that was terminable at any time. Kittredge also indicated to Eastern that he had an ownership interest in Plaintiff's book of business.

Plaintiff has not shown that he had a relationship with Eastern, or another third party not listed in this lawsuit.[4] The record does not show that Eastern acted to interfere with his relationship with Kittredge/KIA through improper means. Plaintiff, therefore, has not demonstrated any facts that would show how Defendants tortiously and maliciously interfered with his business relationship, and summary judgment must be ***granted*** in favor of all Defendants on Count XII.

*Tortious and Malicious Interference with Contractual Relationship (Count XI) (Against Kittredge, KIA, & Eastern)*

In order to bring a tortious interference with contractual relationships claim, Plaintiff must show: 1) he had a contract with a third party; 2) the defendant knowingly induced the plaintiff to break the contract; 3) the defendant's intentional actions in inducing the plaintiff to

---

[4] Plaintiff has repeatedly indicated that each time he attempted to contact Defendant Eastern Insurance Agency, he was not able to reach anyone, nor did Defendant Eastern ever respond to Plaintiff's repeated attempts to communicate with them.

break the contract were improper in motive; and 4) the plaintiff was harmed by the defendant's actions. *Boyle v. Douglas Dynamics, LLC*, 292 F.Supp.2d. 198, 212 (D. Mass. 2003)(quoting *Kelly v. LaForce*, 288 F.3d. 1, 13 (1st Cir. 2002)).

Plaintiff claims in his amended complaint that Defendants interfered with Plaintiff's contractual relationships with his customers in 2002 when Kittredge recoded his book of business to indicate that Kittredge was the owner of Plaintiff's accounts. The accounts, however, were the property of KIA, and Plaintiff did not have an ownership interest in his book of business. Plaintiff further contends that when Eastern did not return his phone calls, but did continue to receive income from the book of business, Eastern also engaged in tortious conduct sufficient to sustain a claim for tortious and malicious interference with a contractual relationship. KIA properly transferred its ownership interest in the book of business to Eastern. Without establishing a contractual relationship with a third party, Plaintiff cannot sustain a claim for tortious and malicious interference with contractual relationships, and, therefore, summary judgment must be ***granted*** in favor of all Defendants on Count XI.

*Misappropriate of Trade Secrets (Count XII) (Against Kittredge, KIA, & Eastern)*

Massachusetts General Law ch 93 § 42l states, "[w]hoever embezzles, steals or unlawfully takes, carries away, conceals, or copies, or by fraud or by deception obtains, from any person or corporation, with intent to convert to his own use, any trade secret, regardless of value, shall be liable in tort to such person or corporation for all damages resulting therefrom." In order to bring a misappropriation of trade secrets claim, Plaintiff must show: 1) the existence of a trade secret; 2) that plaintiff took reasonable steps to protect the secret; and 3) that defendant acquired and used, by improper means or through breach of a confidential relationship, the trade secret. *Data General Corp. v. Grumman Systems Support Corp.,* 825 F.Supp. 340, 359 (D.Mass. 1993),

*aff'd* 36 F.3d 1147 (1st Cir. 1994).

A trade secret is defined as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *J.T. Healy & Son, Inc. v. James A. Murphy & Son, Inc.*, 357 Mass. 728, 736, 260 N.E.2d. 723, 729 (1970). A trade secret may consist of a "list of customers." *Id*. While Plaintiff's book of business might be considered worthy of trade secret protection, Plaintiff did not have an ownership interest in the book of business, and therefore Defendant did not acquire the book of business through an improper means or through a breach of a confidential relationship. Because there is no evidence in the record to support a trade secret claim, and Plaintiff declines to address the issue either in his brief or at oral argument, therefore summary judgment in favor of all Defendants is ***granted*** on Count XIII.

*Declaratory Relief (Count XV) (Against Kittredge & KIA)*

Plaintiff has requested, in the form of declaratory relief, that this Court recognize Plaintiff's ownership of his book of business. Plaintiff has not established an ownership interest in his book of business, and therefore summary judgment in favor of all Defendants is ***granted*** on Count XIV.

*Laches*

Defendants, in their motion for summary judgment, have asserted that Plaintiff is guilty of laches. The doctrine of laches is an affirmative defense that bars a claim for equitable relief when a delay in filing suit was: 1) unreasonable; and 2) resulted in prejudice to the opposing party. "The operation of laches is generally a question of fact reserved for the judge." *A.W. Chesterton Co. v. Massachusetts Insurers Insolvency Fund*, 445 Mass. 502, 517, 838 N.E.2d. 1237, 1249 (2005).

Defendant claims that Plaintiff's claim for wages from the years 2001 to 2008 are barred by the doctrine of laches. Plaintiff explains, however, that he is not requesting additional payment of wages for the period of 2001 to 2008, but rather that he deserves his "lump sum," which was to be paid upon the sale of Kittredge Insurance Agency. Defendant has failed to demonstrate that it would be prejudiced by the claim being brought for the failure to pay a lump sum, but rather argues about the payments between 2001 and 2008. Because Defendant's argument does not address reasonableness nor establish any prejudice on their behalf, summary judgment in favor of Defendant is *denied* on the doctrine of laches.

## Conclusion

It is hereby Ordered that:

Defendants Kittredge Insurance Agency, Inc., Francis Kittredge, and Eastern Insurance Group Motion For Summary Judgment (Docket No. 63) is *granted* in part and *denied* in part, as follows: 1. Summary judgment is granted in favor of Defendant Eastern on Counts I-XV; 2. summary judgment is granted in favor of Defendants Kittredge and KIA on Counts I, II, IV-XI, XIII-XV; 3. summary judgment is denied as to Defendants Kittredge and KIA on Counts III and XII. Summary judgment on Defendants' affirmative defense of the Doctrine of Laches is also denied.

SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**