# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER COYLE,<br>Plaintiff<br><br>v.<br><br>KITTREDGE INSURANCE AGENCY,<br>INC., FRANCIS KITTREDGE, and<br>EASTERN INSURANCE GROUP, LLC,<br>Defendants | CIVIL ACTION<br>NO. 4:12-CV-40014-TSH |

## ORDER ON DEFENDANTS' MOTION TO ALTER OR AMEND
## PURSUANT TO FED. R. CIV. P. 59(e) (Docket No. 84) AND
## MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES (Docket No. 86)
## June 3, 2014

**HILLMAN, District Judge.**

On March 28, 2014, this Court entered an order (Docket No. 83) granting in part and denying in part, the summary judgment motion of Defendants Kittredge Insurance Agency, Inc., Francis Kittredge and Eastern Insurance Group, LLC. The Defendants Kittredge Insurance Agency and Francis Kittredge have now moved to alter or amend the order pursuant to Fed. R. Civ. P. 59(e). Specifically, the Defendants ask the Court to, 1) to correct a typographical error in the Conclusion that read "denied" instead of "granted" as to Count XII (tortious interference with advantageous business relationship); and 2) to correct what Defendants claim is the Court's "clear error of law" in not dismissing Count III, the 93A claim. Defendants' have also moved to

re-open discovery for limited purposes, seeking discovery from St. Peter-Marian High School regarding its hiring of the Plaintiff, his employment there, and his employment termination.

Defendants are concerned that the Court has overlooked the rule of law in Massachusetts with regard to a 93A claim in an employment situation. See *Manning v. Zuckerman*, 388 Mass. 8 (1983) (93A claim not actionable when it arises out of the employment relationship). In the Court's order, however, viewed in a light most favorable to the non-moving party, the Court simply found that there remain *factual* questions regarding the existence and nature of the agreement with Eastern Insurance Agency and how that involved the Plaintiff. This evidence, along with other evidence on the record of events that may have occurred outside of the employment context, created a *question of fact* for the jury regarding the Defendants' liability for the relevant claims. The Court was not making a determination that the record definitely proved the fact that certain actions did or did not fall within the employment relationship. The Court has only determined that enough evidence exists on the record to bring to create a question of fact for determination by a fact finder. Accordingly, the motion to alter or amend the Order as to Count III is denied.

## Conclusion

For the reasons set forth above:

1) Defendants' Motion to Alter or Amend Pursuant to Fed. R. Civ. P. 59(e) is **GRANTED** (Docket No. 84) as to Count XII (tortuous interference with advantageous business relationship), which should be corrected to read that summary judgment is "**GRANTED**" as to Count XII;

2) Defendants' Motion to Alter or Amend Pursuant to Fed. R. Civ. P. 59(e)  (Docket No. 84) is **DENIED** as to Kittredge Insurace Agency, Inc. and Francis Kittredge on Count III (93A);

3) Defendants' Motion to Reopen Discovery for Limited Purposes (Docket No. 86) is **GRANTED** for a period of sixty (60) days for the limited purpose of discovery regarding the hiring, employment and termination of Peter Coyle at St. Peter-Marian High School.

SO ORDERED.

                                                                    */s/ Timothy S. Hillman*
                                                                    **TIMOTHY S. HILLMAN**
                                                                    **UNITED STATES DISTRICT JUDGE**